# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2007**

Charles R. Fulbruge III
Clerk

No. 05-60657

FRANCES ELAINE HOOD

Plaintiff - Appellant

V.

ADRIAN TINTA; ET AL

Defendants

SEARS ROEBUCK & CO.

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
3:02-CV-405

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Frances Elaine Hood brought this suit alleging that Sears Roebuck & Co. and its employee Adrian Tinta denied Hood's workers' compensation claim in bad faith. The claim arose out of psychological injuries allegedly resulting from sexual harassment and retaliation by one of Hood's supervisors, Michael McDonald. Hood claimed that she and McDonald engaged in a sexual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relationship in December 1995 and that McDonald treated her with hostility and refused to give her a favorable work schedule in retaliation for reporting the relationship to her supervisor, Adrian Tinta, in March 1996. Hood's emotional condition deteriorated in the spring and summer of 1996.

This litigation, in one form or another, has been ongoing for several years. Earlier, Hood filed suits under Title VII and state law that ended in summary judgment for Sears. She then filed a claim with the Mississippi Workers' Compensation Commission. Sears and its carrier settled with Hood in January 2002. Hood filed the present case against Sears and Tinta in state court, alleging breach of contract, gross negligence, and bad faith in refusing to pay workers' compensation benefits. Sears removed the case to district court on the basis of diversity. The court denied Hood's motion to remand, finding fraudulent joinder because Hood had signed a release that precluded any possibility of recovery against Tinta.

Sears filed a motion for summary judgment, which the district court denied. The district court revisited the summary judgment motion during a pretrial conference approximately two weeks later. The court granted Sears's motion for summary judgment, finding that Sears had an arguable reason to deny Hood's claim. The district court entered a final judgment from which Hood appeals. Hood contends that the district court erred in denying remand, reconsidering summary judgment without prior notice, relying on McDonald's deposition, and granting summary judgment in favor of Sears.

Finding no error in the district court's denial of remand or grant of summary judgment, we AFFIRM.

I.

The district court did not err in denying Hood's motion to remand. "To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must prove (1) actual fraud in the

2

pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007) (quotation omitted). Here, Hood signed a release that clearly releases Sears and its employees from "any and all claims of every kind and character arising out of or in any way connected with" her compensation claim. This case obviously arises from her workers' compensation claim. The district court did not err in finding that this release established an inability to pursue a cause of action against Tinta in state court.

## II.

The district court did not err in reconsidering Sears's motion for summary judgment at the pretrial conference without giving Hood prior notice. This Court has stated that when "the parties have been given ample opportunity to respond to the motion for summary judgment, the district court may rule on it. . . without giving the parties advance notice of the court's intention to consider and decide the motion on a 'date certain.'" Daniels v. Morris, 746 F.2d 271, 275-76 (5th Cir. 1984). Hood had notice of Sears's original motion for summary judgment and responded to it. The same issues disputed at summary judgment were to be at the forefront of the trial and were thus fresh to the parties when the court reconsidered its denial of Sears's motion for summary judgment. Moreover, Hood has not shown that she was prejudiced by the district court's reconsideration of Sears's motion for summary judgment.

## III.

The district court did not err in considering McDonald's deposition in determining that Sears had an arguable reason to deny Hood's workers' compensation claim. In his deposition for an earlier lawsuit involving the incidents underlying this case, McDonald denied having a sexual relationship with Hood. Federal Rule of Civil Procedure 56(c) includes affidavits and depositions as appropriate bases for summary judgment. The deposition is not

inadmissible hearsay, because it was not offered to prove the truth of the matter of whether there was a sexual relationship, but as evidence that McDonald denied the relationship. In addition, the deposition was referenced in Sears's motion for summary judgment and supplements other affidavits of Sears that reflect McDonald's denial of any sexual relationship with Hood.

IV.

Finally, the district court did not err in granting Sears's motion for summary judgment. To show bad faith denial of a workers' compensation claim under Mississippi law, "there must be a determination as to whether there was a legitimate or arguable reason to deny the benefits, and/or that the denial constituted a willful or malicious wrong." Mississippi Power and Light Co. v. Cook, 832 So. 2d 474, 479 (Miss. 2002). McDonald's denials of any sexual relationship with Hood were presented in his own deposition and in affidavits of Sears employees who investigated the allegations. The evidence shows that Sears had an arguable reason to deny Hood's claim because McDonald's sworn, unequivocal denial of Hood's allegations was a basis for Sears reasonably to believe Hood's injuries were not work-related and therefore not eligible for workers' compensation. The record reflects no indication that Sears had any reason to doubt McDonald's denial.

In sum, Hood cannot satisfy the requirements of the standard for bad faith under Mississippi law. There is no evidence that Sears committed a willful and malicious wrong by denying Hood coverage with the knowledge that she had a valid claim. Therefore, the district court did not err in determining that Hood could not recover as a matter of law and granting Sears's motion for summary judgment.

V.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.